United States District Court for the
Northern District of Florida

UNITED STATES OF AMERICA
    Plaintiff / Appellee

vs.

RONALD RYAN SHEPARD
    Defendant / Appellant

Case Number: 1:04 CR 1-001 SPM

1:06 cv 228 SPM-AK

FILED 06 OCT 31 PM 4:08

---

## MOTION TO VACATE JUDGEMENT AND SENTENCE

Comes now the Movant, Ronald Ryan Shepard, by and through his undersigned counsel pursuant to 28 U.S.C. Section 2255 and moves to vacate his judgement and sentence on the grounds that the same were obtained in violation of his Fifth, Sixth and Fourteenth Amendment Constitutional rights.

1. The movant was charged by indictment in Counts I-VII that between July of 1999 through August 2002 he participated in a scheme to defraud and obtain money and property transmitted by Interstate Commerce Wire Communications and in Counts VIII-X that, between April 2001- July 2001, he attempted to execute a separate and distinct scheme to defraud and obtain money or property transmitted by Interstate Commerce by wire communications. The Movant went to

Page 1

trial and on July 15, 2004 was convicted by a jury on only counts V, VI, VII, VIII, IX, and X. On December 13, 2004 the Movant was sentenced to 57 months on each count, to run concurrent, in the Florida Northern District Court.

2. That the Movant filed a Notice of Appeal to the Eleventh Circuit Court of Appeals raising evidentiary objections, contesting the denial of a Motion for Judgement of Acquittal on insufficiency of evidence, and objecting to the District Court's application of sentencing guidelines. The Eleventh Circuit Court of Appeals upheld the Judgement and Sentence on December 16, 2005.

3. The Movant has not filed any petitions, applications or motions with respect to this judgement in any federal court other than the direct appeal to the Eleventh Circuit Court of Appeals.

4. The prosecution at trial was primarily based upon Richard Hall's records of the cattle transactions. A review of Richard Hall's own records when compared to the actual invoices for cattle reveal a conflicting view of the facts. After the trial, when the payments which Richard Hall claimed were made or received in his records were compared to the actual payments made, as reflected in the Movant's bank records, it is noticed that, while Mr. Hall claims he was owed $98,130.20 in actuality there was a difference of only $1,432.88 and that the rest of the payments were hidden by design of false documents maintained by Mr.

Hall. See Affidavit of Patricia Gallo, Investigator with the Federal Public Defender's Office who conducted this document by document analysis by Martin Meat's invoices and Movant's bank records compared to Mr. Hall's records relied on by the Government, attached as Exhibit "A".

5. The Movant now asserts that he was denied his Sixth Amendment right to effective assistance of appointed counsel because his trial counsel never confronted the business records of the alleged victim, Richard Hall, by seeking his disclosure of his bank records even though it was Mr. Hall's business documentation and personal testimony that formed the basis of the prosecution's case against the Movant. Significantly, after the conviction, judgement and sentence of the Movant, Mr. Hall has been indicted and now plead guilty to committing similar fraudulent behavior in operating a scheme to defraud the state of Mississippi by falsifying his business records, urging family and friends to claim compensation for work never done in order to defraud the state using fake invoices totaling $269,628.00 which were paid by the state of Mississippi, and billing the state of Mississippi for $187,725.00 for equipment that he never even purchased. A main basis for this Mississippi prosecution was predicated upon a review by the F.B.I. of Hall's bank records.

6. If the Movant had sought and obtained through his counsel the bank

records to confront the records created by Mr. Hall, they would have been useful to substantiate the defense utilized by the Movant. The Movant claimed at his trial that it was Mr. Hall who orchestrated the creation and utilization of false documents in the case at bar and not the Movant. The Movant had argued that it was Hall who created the business plan and scheme and directed the creation of the records with the intent to defraud the banks who extended loans to Mr. Hall for this operation, the clients who paid money to Mr. Hall for cattle that either did not exist or they did not receive, and insurance carriers who paid money to Mr. Hall for non existent losses. It is herein asserted that production of Hall's bank records would have caused a different result at the trial of the Movant, especially in view of the fact that the jury's verdict already rejected a number of the counts pertaining to Mr. Hall at the trial. Attached is an affidavit of Investigator Patti Gallo who has reviewed Movant's bank records and compared them to Mr. Hall's records and Movant's records. This affidavit is incorporated by reference.

7. The Movant has since the trial discovered that Richard Hall employed a pattern of double invoicing in his own records to show that the Movant owed him money when in fact, payments were credited else where in his own records. This was noticed by Investigator Gallo when she compared the bank records of the buyers of cattle (ie Martin Meats) to the booking system of Hall and Movant's

bank records. (See page 18 of Investigator Gallo's affidavit. These matters were not reflected in F.B.I. summaries used at trial because they were based solely on Mr. Hall's records without any comparison to bank records.

8. The Movant has further discovered false information which Hall testified to at trial, since his bank records were not available to compare and confront testimony given about San Angelo Feed Yard:

   a. That Mr. Hall lied when he testified that he only knew of one load of cattle which were financed since there are 2 documented in records for 1999 alone and records show that Hall received financial payment for the first one.

   b. That every load of cattle is assigned a lot number based upon the month and date (ie 1025 for October 25th load) and the invoice number in Movant's records matched San Angelo's records whereas every invoice number listed by Hall did not match San Angelo.

   c. That the bookkeeping system was designed by Hall to manipulate figures. For example, see paragraph 103 of Investigator Gallo's Affidavit (page 20) where Hall writes off a deficit as a bad debt when it really proves to be a feed lot charge - see paragraph 104 where it shows that cattle stayed on the lot for one month and there was a

charge for that stay.

9. The movant was denied due process of law as protected under his Fifth and Fourteenth Amendment Rights because the trial Court improperly joined two separate allegations of fraud involving different evidence and different witnesses. It is herein asserted that if these matters had been severed for trial that this would have directly impacted the verdict as most of the evidence was directed at Mr. Hall and his business operation. Appointed trial counsel never contested the joinder of these separate allegations for trial despite the link being a scheme to defraud Hall and others. The new evidence supports the movant's argument that he did not defraud Hall and therefore, he should have been tried separately.

10. The Petitioner asserts that he is denied his Sixth Amendment right of effective assistance of appointed counsel because his trial counsel never sought to sever the trial of Counts I-VII alleging a scheme to defraud involving Richard Hall from July 1999 through August 2002 from the Counts VIII-X which allege that from April 2001 through July 2001 that he attempted to get a separate and distinct to defraud and paid money or property transmitted by Interstate Commerce from a separate individual and a separate location. The majority of the evidence pertained to Mr. Hall's Counts I-VII and it is here asserted that if he had obtained a separate trial on Counts VIII-X that there would be a strong likelihood of a

change in the verdict. Further, the Government argued that the scheme to defraud was pertaining "Mr. Hall and others". It is here argued that the scheme was made by Mr. Hall and that he was not a victim of it. Therefore the "others" should be tried separately.

11. The Petitioner was denied his Fifth and Fourteenth Amendment due process of law because if the F.B.I. or other governmental agencies responsible for the investigation of this case never sought the bank records of Mr. Hall and had they done so and properly investigated Mr. Hall, they would have discovered the fraud that was being perpetrated in the State of Mississippi which was under investigation as early as 2004 and such information would have been available at the time of trial of the Movant. This limitation was recognized in the testimony of F.B.I. Analyst Kelly who testified at the trial (transcript page 179, line 18-24) that "it got frustrating to use the records that Mr. Hall was trying to provide both as far as physical invoices and letters that even his internal accountant records were difficult to follow because of his source of record keeping." This testimony is an example of the confusing and misleading documentation provided by Hall and shows the need for proper effort to simply subpoena Hall's bank records to compare to see if they in fact corroborated the claims of Mr. Hall or contradicted them. It is herein asserted that it is likely the same type of fraud that Mr. Hall was

change in the verdict. Further, the Government argued that the scheme to defraud was pertaining "Mr. Hall and others". It is here argued that the scheme was made by Mr. Hall and that he was not a victim of it. Therefore the "others" should be tried separately.

11. The Petitioner was denied his Fifth and Fourteenth Amendment due process of law because if the F.B.I. or other governmental agencies responsible for the investigation of this case never sought the bank records of Mr. Hall and had they done so and properly investigated Mr. Hall, they would have discovered the fraud that was being perpetrated in the State of Mississippi which was under investigation as early as 2004 and such information would have been available at the time of trial of the Movant. This limitation was recognized in the testimony of F.B.I. Analyst Kelly who testified at the trial (transcript page 179, line 18-24) that "it got frustrating to use the records that Mr. Hall was trying to provide both as far as physical invoices and letters that even his internal accountant records were difficult to follow because of his source of record keeping." This testimony is an example of the confusing and misleading documentation provided by Hall and shows the need for proper effort to simply subpoena Hall's bank records to compare to see if they in fact corroborated the claims of Mr. Hall or contradicted them. It is herein asserted that it is likely the same type of fraud that Mr. Hall was

perpetrating against the state of Mississippi and would have been found to exist involving the banks which loaned Mr. Hall money, the clients which paid Mr. Hall money or did business with him and the insurance carrier who paid Mr. Hall money for his alleged losses.

12. At the trial, the Movant was represented by the Assistant Federal Public Defender, Tom Miller, 101 SE 2nd Place, Ste 112, Gainesville, Florida 32601 from initial the initial appearance through the trial and was represented by the undersigned counsel at sentencing and on direct appeal.

WHEREFORE, the movant prays that this Court grant him an evidentiary hearing and all relief to which he may be entitled to in this proceeding including a new trial.

## MEMORANDUM IN SUPPORT THEREOF

The Movant in a Motion to Vacate Judgement and Sentence on the grounds of ineffective assistance of counsel must show a deficiency in counsel's part by failing to investigate, must provide sufficiently precise information as to what should have been pursued to be effective assistance of counsel. *Richardson v. United States*, 379 F.3d 485 (7th Cir. 2004). The Movant here seeks to demonstrate that there was false testimony by the Government's main witness, Richard Hall, which was not confronted at the time of trial because the prosecution

relied upon only Richard Hall's own doctored records. Counsel for the Movant failed to subpoena, demand production of, or pursue the bank records of Richard Hall which it is now asserted would have revealed the double entry techniques, lack of corroboration, and other frailties to demonstrate the problems in Richard Hall's bookkeeping. This is readily seen when viewing the post conviction investigation done by Investigator Patricia Gallo who did have access to the records of Hall, and the bank records of the Movant together with bank records of several of the alleged victims. This is further brought to light when it is learned that witness Hall has since been Indicted for the same type of fraudulent activity in the Federal District Court in the state of Mississippi and has entered a plea admitting that he committed these fraudulent bookkeeping practices for exactly the same reasons the Movant alleged in his defense at trial. What the Movant needs to show now are the specific allegations such as a failure to interview witnesses, to seek factual information in possession of the Government or to otherwise explore all avenues leading to facts relevant to guilt. *United States v. Johnson*, 582 F.2d 1186 (8th Cir. 1978). Certainly if the Government failed to disclose exculpatory material in violation *Brady v. Maryland*, a constitutional claim, based upon violation of the Defendant's right to due process is available. *Ruiz v. United States* 221 F. Supp. 66 (Mass. 2012). Aff'd 339 F.3d 39 (2nd Cir. 2002).

It is well recognized that constitutional defects in the process are cognizable on a Motion to Vacate or Set Aside. *Jackson v. United States*, 495 F.2d 349 (8th Cir. 1974). If there has been a denial of the substance of a fair trial then the validity of proceedings may be collaterally attacked. *United States v. Re*, 372 F.2d 641 (2nd Cir. 1967). Clearly in the case at bar, where the Movant asserts that was denied his Sixth Amendment Right to effective assistance of appointed counsel because there was never any confrontation of business records, never any request or effort obtain bank records which would be readily available, as well as a failure to request a severance which would have tried two separate events on their own merit and not improperly joined them for consideration by the same jury, collateral attack is available and warrants an evidentiary hearing.

On a Motion to Vacate sentence the issue is whether the alleged error amounted to fundamental defect which resulted in a miscarriage of justice. *United States v. Johnson*, 615 F.2d 1125, (5th Cir. 1980). The court appointed counsel has a duty to interview potential witnesses and to make independent examination of factual circumstances involved. *Rummel v. Estelle*, 590 F.2d 103, 104 (5th Cir. 1979). It is herein asserted that this independent examination was inadequate without Hall's bank records, especially in view of Hall's subsequent Indictment on exactly the same type of fraud.

Dated this __30__ day of October 2006.

Respectfully Submitted,

_____
Stephen N. Bernstein

STATE OF FLORIDA
COUNTY OF ALACHUA

    I, RONALD SHEPARD, signing for by means of a Power of Attorney, CATRINA SHEPARD, have read the foregoing information and find it to be true and correct to the best of my knowledge and belief.

_____
Ronald Shepard

STATE OF FLORIDA     :
COUNTY OF ALACHUA  :

    I HEREBY CERTIFY, that on this day before me, an officer duly qualified to take acknowledgments personally appeared CATRINA SHEPARD, who is personally known to me and known to be the person who executed the foregoing instrument, and acknowledged before me that she executed the same.

    WITNESS my hand and official seal in the County and State aforesaid this 30th day of October 2006.

_____
NOTARY PUBLIC, State of Florida

Print name: _____

ZINA S. THOMPSON
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD520123
EXPIRES 3/20/2007
BONDED THRU 1-888-NOTARY1

(SEAL)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to R. Jerome Sanford, Assistant United States Attorney, 300 East University Avenue, Suite 310, Gainesville, Florida 32601 and Thomas E. Miller, Federal Public Defender, 101 SE 2nd Place, Suite 112, Gainesville, Florida 32601 by regular U.S. mail delivery on this 30 day of October 2006.

LAW OFFICE OF
STEPHEN N. BERNSTEIN

STEPHEN N. BERNSTEIN
Post Office Box 1642
Gainesville, Florida 32602
Florida Bar Number 145799
(352)-373-9555 (phone)
(352) 373-5277 (facsimile)
Counsel for Movant / Defendant