United States District Court for the
Northern District of Florida

UNITED STATES OF AMERICA      Case Number:    1:04 CR 1-001 SPM
    Plaintiff / Appellee

vs.

RONALD RYAN SHEPARD
    Defendant / Appellant

_____

REBUTTAL TO GOVERNMENT'S ANSWER TO DEFENDANT'S
**MOTION TO VACATE JUDGEMENT AND SENTENCE**

As acknowledged by the Government, the Defendant should prevail if he can show that there was actual prejudice from the alleged error under *Bousley v. United States*, 523 U.S. 614, 622 (1998) and *Cross v. United States*, 893 F.2d 1287, 189 (11th Cir. 1990) in a circumstance where the Defendant was convicted by error in a situation where he is actually innocent.  The Government, however, argues the Defendant Shepard is not an innocent party.  However, this is exactly the assertion that the Motion to Vacate is based upon.

The essence of this Motion is that since the time of conviction, the alleged victim, Mr. Hall, has been indicted and has entered a plea of guilty in Federal Court for committing the same type of fraud in the State of Mississippi that

Page 1

formed the basis and the allegations in the case at bar. The allegations now are that it was Mr. Hall who came up with this plan of deception, just as he practiced it in the State of Mississippi, and that had either the prosecution or the defense in the case at bar bothered to obtain the bank records of Mr. Hall, this would have been more clearly evident. This information has only come to light after careful scrutiny and comparison as to what was utilized in the case at bar as revealed in Patricia Gallo's Affidavit. This was all accomplished because Mr. Hall hid this information from both the prosecution and the defense to insure that he could get away with it.

The Government dismisses the defense obtaining bank records as "tactical decision meant for a trial". The Government offered no proof of that assertion. Similarly, the claim could be made that the Government made a tactical not to obtain those same bank records but that is not suggested to be the case. Nevertheless, as revealed by events and the prosecution of Mr. Hall, there became a new light shed on the subject matter here, where obtaining those records now seemed to be a lot more important. It just became evident that once Mr. Hall had been prosecuted in Federal Court in Mississippi that there was a practical advantage of obtaining those bank records. Nevertheless, the security of the information which forms the basis for evidence dictates that this is the necessary

means of verifying financial information.  It is asserted that the use of those bank records and the evidence which has come to light and the prosecution of Richard Hall that the evidence would support the Defendant's position that it was Mr. Hall who was the crook and not the Defendant.

It is asserted and argued that it would be significant to make an actual finding that Richard Hall engaged in operating in a scheme to defraud similar to what he used in Mississippi by the means of falsifying his business records, urging family and friends to claim compensation for work never done in order to commit fraud and double invoicing his records to reflect this and hide the fact of his wrong doing and that he used the Defendant as a means to orchestrate the creation and existence of false documents.  It is herein argued that Mr. Hall created this plan and schemed to defraud the banks who extended loans to Mr. Hall for this operation, as well as the insurance company who insured against losses and paid money to Mr. Hall for non existent loses.  These types of acts are argued and direct that a direct verdict would have been found in the Movant's trial and therefore he should be entitled to have a hearing on this matter.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to R. Jerome Sanford, Assistant United States Attorney, 300 East University Avenue, Suite 310, Gainesville, Florida 32601 and Thomas E. Miller, Federal Public Defender, 101 SE 2nd Place, Suite 112, Gainesville, Florida 32601 by regular U.S. mail delivery on this 22nd day of February 2007.

        LAW OFFICE OF
        STEPHEN N. BERNSTEIN


        */s/ Stephen N. Bernstein*
        STEPHEN N. BERNSTEIN
        Post Office Box 1642
        Gainesville, Florida 32602
        Florida Bar Number 145799
        (352)-373-9555 (phone)
        (352) 373-5277 (facsimile)
        Counsel for Movant / Defendant