UNITED STATES DISTRICT COURT for the
NORTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
    Plaintiff / Appellee

vs.                                                   Case Number: 1:04 CR 1-001 SPM

RONALD RYAN SHEPARD, JR.
    Defendant / Appellant
_____/

## PETITION FOR LEAVE TO AMEND ORIGINAL 2255 MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 15

Now comes the Movant, Ronald Ryan Shepard, Jr., by and through his undersigned counsel pursuant to Federal Rules of Civil Procedure 15(a) & (c) and moves this Court grant leave to amend Defendant / Appellant's pending Motion under 2255, and in support thereof submits the following:

### FACTUAL AND PROCEDURAL HISTORY

1.    The Movant was charged by indictment in Counts I – VII that between July of 1999 through August 2002, he participated in a scheme to defraud and obtain money and property transmitted by Interstate Commerce Wire Communications and in Counts VII – X that, between April 2001 – July 2001, he attempted to execute a separate and distinct scheme to defraud and obtain money or property transmitted by Interstate Commerce by wire communications. The Movant went to trial and on July 15, 2004, was

convicted by a jury on only counts V, VI, VII, VIII, IX, and X. On December 13, 2004, the Applicant was sentenced to (57) months on each count, to run concurrent, in the Florida Northern District Court.

2. That the Petitioner has filed a Notice of Appeal to the Eleventh Circuit Court Of Appeals raising evidentiary objections, contesting the denial of a Motion for Judgment of Acquittal on insufficiency of evidence, and objecting to the District Court's enhancements under the sentencing guidelines unrelated to the issues raised herein. The Eleventh Circuit Court of Appeals upheld the Judgment and Sentence on December 16, 2005.

3. The Petitioner has filed a Motion to Vacate Judgment and Sentence pursuant to Rule 28 U.S.C. Section 2255 which is currently pending before this Court, which motion likewise raises issues different than those raised hereunder, although stemming from the same core facts and evidence.

4. On or about August 15, 2007, Petitioner, through counsel, filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. 2241, however, the same has been dismissed without prejudice following the Magistrate's Report and Recommendations dated August 28, 2007. Said application has not been re filed and is no longer pending before any court.

5. Although the Superseding Indictment state on page 3, paragraph 9, that the purpose of the scheme was "from in or about July, 1999, through in

or about August, 2002, in the Northern District of Florida and elsewhere, the Defendant……" The testimony indicated that the last substantiated activity would have been in July 2001. Trial transcript testimony, page 67, of Richard Hall, at line 4 (a copy of the page is attached as Exhibit "A"), "we seized operations with Ron Shepard on the latter part of May and by the middle of June or July, I was working with the Florida Enforcement Agencies." The trial testimony of Joey Patterson, the other victim at page 238 of the trial transcript (a copy of the page is attached as Exhibit "B"), where he testified that at line 8 through 10 "when did your business relationship end? When did you terminate your business relationship? Answer would be the first week of July 2001."

    6. That the sentencing guidelines utilized in the Pre-Sentence Report were Section 2B1.1 of the Federal Sentencing Guidelines Manual which indicated that the base offense was (6) points, the dollar amount of $200,000 to $399,999 was (12) points, (2) points was for theft from another person, and (2) points for sophisticated offense building a total of (22) points which resulted in a guideline range of 46-57 months. However, this guideline went into effect November 1, 2001, when the former guideline of 2F1.1 fraud and deceit had previously been in effect and was consolidated and replaced in the sentencing guidelines manual on November 1, 2001.

7. That the previous guideline under 2F1.1 fraud and deceit rated a base level of (6) points, a dollar amount of $200,000 to $349,000 (8) points and more than minimal planning, (2) points for a total of (16) points which resulted in a Lesser guideline range of 24-30 months. (A copy of the guidelines is attached herewith as Exhibit "C".)

8. This Court sentenced the Petitioner to the high end of the sentencing guidelines range of (57) months. Under the correct sentencing guidelines (U.S.S.G. 2F1.1) the maximum range prescribed is (30) months.

9. Petitioner began serving the (57) months sentence on January 13, 2005, and has been continuously incarcerated since said date. He has a projected release date of February 13, 2009, given credit for (4.5) months time served on the date of sentencing, and gain time.

10. If Petitioner had been sentenced as provided by law under USSG 2F1.1 rather than U.S.S.G. 2B1.1, he would have been released on March 1, 2007, having served the maximum of (30) months, with (137) days gain time and credit for (4.5) months time served at time of sentencing.

ARGUMENT AND MEMORANDUM OF LAW IN SUPPORT

Federal Rules of Civil Procedure (F.R.Civ.P.) Rule 15(a) states: "(a) A party may amend the party's pleading…otherwise, only by leave of court or by written consent of the adverse party; and leave shall be freely given when

justice so requires." Rule 15 c applies to post appellate cases. See Davenport v. U.S., 217 F.3d 1341;11th Cir. 2000); Pruit v. U.S., 274 F.3d 1315 (11th Cir.2001); and Dean v. U.S.; 278 F.3d 1218 (11th Cir. 2002).

Rule 15 c provides among other things, that: "an amendment of a pleading relates back to the date of the original pleading when …the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading." Fed.R.Civ.P. 15 c (2).

In other words, "relation back causes an otherwise untimely claim to be considered timely by treating as if it had been filed when the timely claims were files. "Davenport, *supra*, at 1344.

The Supreme Court recently endorsed this interpretation of Rule 15 c by holding: "so long as the original and amended petitions state claims that are tied to a common core of facts, relation back will be in order." Mayle v. Felix, 162 U.S. 582, 589 (2005).

In the instant case, Movant seeks to amend his original motion under 2255 by adding a recently discovered serious legal defect in the sentencing judgment, which strongly supports its vacation, setting aside, or correction, and which arises out of the same core facts set forth in the original motion.

Unlike the claims set forth in the original motion which address the underlying conviction, the claims under the proposed amendment to the motion, solely addresses the sentencing judgment. The proposed amendment shows that the sentence was rendered pursuant to Sentencing Guideline (U.S.S.G. 2B1.1) which was in effect at the time of sentencing (December 16, 2005), but imposed a substantially longer sentence for the convicted offense (maximum 57 months), that the maximum sentence (30 months) provided under the constitutionally mandated Sentencing Guidelines (2F1.1) which were in effect at the time that the uncontroverted evidence at trial shows that the convicted offense ended (July 2001).

Under well established case law and Supreme Court decisions as set forth in the amendment, [e.g. U.S. v Davis, 391 F.3d 340 (6th Cir. 2005); U.S. v. Poitra, 359 F. Supp. 2d 837 (DC, ND, 2004)] the defect not only is a violation of the ex post facto clause of The United States Constitution, but constitutes plain error and manifest injustice under the case law of the Eleventh Circuit [e.g. F.R. Cr. P. Rule 52(b); U.S. v. Quintana, 300 F3d 1227 (11th Cir., 2002)].

The proposed amendment shows that U.S.S.G. (1B1.11 (b) (1)), (adopted effective November 2001) *itself* specifies that when sentencing under the Guideline Manual used as the basis for the Movant's sentencing judgment,

that the Court shall determine whether an ex post facto issue exists by its use and if so, shall use the Sentencing Guideline Manual in effect at the date of the convicted offense (U.S.S.G. 2F1.1).

## INEFFECTIVE ASSISTANCE OF COUNSEL

The proposed amendment shows that Movant's constitutional rights of Due Process and right to Effective Assistance of Counsel under the Fifth and Sixth Amendments to the Constitution have been violated as a result of Movant's Sentencing and Appellate counsel's failure to raise first on direct appeal, and then in the original 2255 Motion the ex post facto constitutional violation of the Court's use of incorrect Sentencing Guidelines (U.S.S.G. 2B1.1) which were in effect at the time of sentencing, rather the less harsh Sentencing Guidelines where were in effect at the date of the convicted offense (2F1.1). McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970).

## CAUSE OF DELAY AND FAILURE TO RAISE
## AT TIME OF SENTENCING

Petitioner had a different lawyer representing him for the sentencing and appeal than at trial. The sentencing counsel did not participate in the trial of the case where the evidence was produced which defined the last date of the convicting offense (July 2001).

This date was different than the date used in the Pre-Sentence Investigation Report (August 2002) and subsequently used by the Court to determine the appropriate Sentencing Guidelines.

The trial transcripts were not available nor in the record of the case until March 2005 (three months after sentencing) due to no fault of the Defendant. Therefore, neither the Probation Officer preparing the PSI nor Defendant's sentencing counsel was on notice of the variance in the evidence of this critical date at the time of sentencing. They could not have discovered this defect in the use of U.S.S.G. 2B1.1 in the sentencing over U.S.S.G. 2F1.1, until it became a defect in the record when the trial transcripts were made available several months later.

## CAUSE AND PREJUDICE

The cause of Movant's failure to bring the existence of this defect to the Court's attention previously is simply that it was only recently discovered by the Movant's own research. (See Affidavit of Catrina Shepard). Although the plain error was in the record once the trial transcripts of evidence were made a part thereof, at the time the defective Pre-Sentence Investigation Report was rendered [which based its recommendations upon the facts alleged in the indictment (offense ending July 2001)], the issue was not obvious either to the Movant, his

sentencing counsel, or the Probation Officer preparing the report, until after the defective sentencing judgment was rendered. Excusable neglect may well be argued under these facts.

The trial transcripts were delayed due to vacation of the Court Reporter (see Affidavit of Catrina Shepard dated November 01, 2007, attached as Exhibit "D" hereto).

## PREJUDICE

Movant's rights were clearly prejudiced by the constitutionally defective sentencing judgment by his receiving a sentence (27) months longer than under the correct Guidelines. Any delay in the discovery or raising of this defect by Movant, only prejudiced Movant, as he would have already been released from incarceration (on or about March 1, 2007).

No prejudice would be affected upon Respondent as Movant's release date under the correct Sentencing Guidelines would remain the same, regardless of when the defective judgment was corrected.

## CONCLUSION

WHEREFORE, the Movant requests that this Court grant leave to amend his original 2255 Motion under Rule 15 (a) and (c), and for all other and further relief as is just and proper under this case.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Assistant United States Attorney, 300 East University Avenue, Suite 310, Gainesville, Florida 32601 and Thomas E. Miller, Federal Public Defender, 101 SE 2nd Place, Suite 112, Gainesville, Florida 32601 by regular U.S. mail delivery on this 3rd day of December.

LAW OFFICE OF STEPHEN N. BERNSTEIN

*/s/ Stephen N. Bernstein*
STEPHEN N. BERNSTEIN
Post Office Box 1642
Gainesville, Florida 32602
Florida Bar Number 145799
(352)-373-9555 (phone)
(352) 373-5277 (facsimile)
Counsel for Defendant