UNITED STATES DISTRICT COURT for the
NORTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
    Plaintiff / Appellee

vs.                                         Case Number: 1:04 CR 1-001 SPM

RONALD RYAN SHEPARD, JR.
    Defendant / Appellant
_____/

### RESPONSE TO GOVERNMENT'S ANSWER

COMES NOW, the Defendant, Ronald Ryan Shepard, Jr., by and through his undersigned counsel and responds to the Government's Answer to Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. Section 2255, and in support thereof submits the following:

**A. New Sentencing Guidelines Claim.**

The Petitioner and his counsel were unaware that the basis for this claim existed until after the trial transcripts were prepared. Up until that time counsel and the Petitioner relied upon that the dates set out in the charging document. It wasn't until the transcripts were available and were reviewed this matter came to light as demonstrating a factual controversy when the evidence at trial was compared to the Indictment.

Initially, the main focus of the appeal was on the merits of the conviction. It wasn't until after the direct appeal that there was an opportunity for counsel to review the record as to sentencing issues due to the complexity of the issues relating to financial records. There certainly is a disadvantage to a change in trial counsel prior to sentencing but nevertheless, the original trial counsel did not advise that there was such an issue pending. Wherefore the Petitioner was limited to relying upon the dates in the charging

instrument until the opportunity to review the transcripts became available and this discrepancy was not discerned until after the direct appeal.

Therefore the Petitioner relies upon the exception to raising his claim on direct appeal to review in that there was actual prejudice from the alleged error. *Bausley v. United States*, 523 U.S. 614 (1998); *Mills v. United States*, 36 F.3d 1052 (11th Cir. 1994); *Martorana v. United States*, 873 F.2d 283 (11th Cir. 1989); *Parcks v. United States*, 832 F.2d 1244 (11th Cir. 1987). The actual prejudice is that if the Petitioner had been sentenced under the correct sentencing guidelines it is asserted that he would now be released from custody because he had completed the term of his sentence if the sentence was within the sentencing guideline range which would have been recommended if the correct guidelines had been relied upon.

### B. Cause and Prejudice for Procedural Default.

The Petitioner does assert that under an objective process examination, he was precluded from raising this issue on direct appeal because his trial counsel did not advise him of his issue and subsequent counsel was not able to even be aware of the issue until the transcripts had been prepared. By that time the other issues which had been raised on direct appeal and the earlier grounds for 2255 were under review and preparation. This was a complex and paper intensive litigation as evidenced by the extraordinary affidavit of the investigator. Therefore it is argued that even under the objective standard of *Smith v. Murray*, 477 U.S. 527 (1986); *McCoy v. Newsome*, 953 F.2d 1252 (11th Cir. 1992), that because of the complexity of the facts that this was not a readily discernable point to raise on direct appeal. It is important to know that although the Petitioner did change counsel, he himself did nothing to prevent learning of this

particular issue and that trial counsel did not advise even the existence of the issue. It is argued that this would meet the objective factor at trial for the defense as provided for *Johnson v. Alabama*, 256 F.3d 1156 (11th Cir. 2001).

**C.    Claim on the Merits.**

The Petitioner does assert that the facts forming the predicate of the charge's at trial were completed, as defined by the evidence presented at trial, before November 1, 2001. It is asserted that the factual predicate was complete by that date, even though there may be collateral factual matters and interactions by the Petitioner and the alleged victim Patterson which occurred afterward. These were not matters that formed any basis to prove the essential elements of the crime charged although they may provide circumstances perhaps relevant to the allegations.

The Petitioner requests that this court schedule an evidentiary hearing and ultimately vacate the Judgment and Sentence previously entered in this case.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to Frank Williams, Assistant United States Attorney, 300 East University Avenue, Suite 310,

Gainesville, Florida 32601 and Thomas E. Miller, Federal Public Defender, 101 SE 2nd Place, Suite 112, Gainesville, Florida 32601 by regular U.S. mail delivery on this 4th day of June 2008.

                              LAW OFFICE OF STEPHEN N. BERNSTEIN

                              _____*/s/ Stephen N. Bernstein*_____
                              STEPHEN N. BERNSTEIN
                              Post Office Box 1642
                              Gainesville, Florida 32602
                              Florida Bar Number 145799
                              (352)-373-9555 (phone)
                              (352) 373-5277 (facsimile)
                              Counsel for Defendant